**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY LEE WILLIAMS,<br><br>              Plaintiff,<br><br>     v.<br><br>G. CAIN, et al.,<br><br>              Defendants. | No. 2:20-CV-1121-DMC-P<br><br><br><br>ORDER |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint (ECF No. 1).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff brings suit against three defendants: (1) G. Cain, correctional officer at California State Prison, Sacramento (CSP-Sac); (2) N. Dhillon, correctional officer at CSP-Sac; and (3) D. Lightfiled, a correctional sergeant at CSP-Sac. ECF No. 1, page 2. Plaintiff claims that all events giving rise to the complaints occurred at CSP-Sac. Id. at 1. Plaintiff brings three claims.

In his first claim, Plaintiff alleges that Defendants Cain and Dhillon were "indifferent to Plaintiff's serious medical needs, health, and safety" and "refused to honor Plaintiff's [medical] accommodation chrono." Id. at 3, 7. The medical chrono apparently provides accommodations for Plaintiff in regard to placing him in handcuffs. See id. at 7–8, 12. Specifically, the chrono apparently directs correctional officers not to restrain Plaintiff with a "blackbox" or handcuff him behind his back because of a shoulder injury. See id. at 7–9, 12, 14, 16. On August 8, 2019, Cain and Dhillon escorted Plaintiff from CSP-Sac to a hospital for shoulder surgery. Id. at 6–7. Attached to the complaint are grievance forms wherein Plaintiff claims he showed Cain and Dhillon the medical accommodation chrono. Id. at 12. Cain and Dhillon allegedly called a sergeant (possibly Lightfiled), who informed them that the chrono only applies to "on grounds escorts w[h]ere you did not need to be cuffed behind the back." Id. Defendants then disregarded Plaintiff's medical chrono and cuffed Plaintiff with a "black box." See id. at 7, 9. Plaintiff claims he suffered severe shoulder pain in the two-hour transport to and from the hospital. Id. at 7. Cain and Dhillon allegedly had knowledge of Plaintiff's pain and "chose to ignore Plaintiff's pleas for medical attention and treatment." Id.

The medical accommodation chrono attached to the complaint shows Plaintiff to be at medium risk of medical injury. Id. at 14. Additionally, Plaintiff attached a letter from his physical therapist stating Plaintiff's left shoulder has a 40-50% range of motion, cannot be lifted against gravity, and causes Plaintiff chronic pain. Id. at 15.

1    In his second claim, Plaintiff raises the Fourteenth Amendment. Id. at 4, 8. He
2 contends that Defendants unreasonably refused to honor the medical accommodation chrono. Id.
3 Specifically, Plaintiff again contends that Cain and Dhillon knew of his pain and medical
4 situation but nevertheless cuffed him into the black box. Id. Lightfiled, on the other hand,
5 allegedly acted unreasonably as Cain's and Dhillon's supervisor Id. He was allegedly deliberately
6 indifferent in failing to take "reasonable protective measures in response" to Cain's and Dhillon's
7 decision to disregard Plaintiff's condition and cuff him. Id. at 8. Plaintiff contends that
8 Defendants violated his Due Process rights. Id. at 4, 8.
9    Plaintiff's third claim asserts gross negligence, presumably against all Defendants.
10 Plaintiff does not allege any specific facts, but loosely refers to the facts above and indicates that
11 Plaintiff's injuries can be seen in the attachments provided. Id. at 5.

## II. DISCUSSION

13    Plaintiff has stated a cognizable claim against Defendants Cain and Dhillon for failing to
14 tend to Plaintiff's medical needs in violation of the Eighth Amendment. Plaintiff's negligence
15 claim is not cognizable in a § 1983 action for reasons explained below. Finally, Plaintiff fails to
16 state a cognizable claim against Defendants for a Due Process violation.

**A.  Negligence Actions Cannot Be Brought Under § 1983:**

18    Plaintiff brings a claim of gross negligence against the Defendants for putting
19 Plaintiff in the black box without regard for his medical needs. Neither negligence nor gross
20 negligence, however, is actionable under § 1983. See Farmer v. Brennan, 511 U.S. 825, 835–36
21 & n.4 (1994); Springs v. Diaz, No. 21cv862-MMA (AGS), 2021 WL 2184851, at *5 (S.D. Cal.
22 May 28, 2021); Chase v. Lopez, No. 1:14-cv-01853-EPG-PC, 2016 WL 259185, at *3 (E.D. Cal.
23 Jan. 21, 2016). Indeed, for example, when prisoners allege unconstitutional disregard for their
24 medical needs, they must establish more than negligence to state an Eighth Amendment claim.
25 See, e.g., Farmer, 511 U.S. at 834–37 & n.4; Toguchi v. Chung, 391 F.3d 1051, 1057–60 (9th Cir.
26 2004); Chase, 2016 WL 259185, at *3.
27 / / /
28 / / /

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393–94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). Moreover, insofar as a "violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Crowley, 678 F.3d at 736.

In order to state a section 1983 claim, Plaintiff must allege that a defendant acted under color of law, and that the defendant's conduct deprived him of a constitutional right or right under federal law. Marsh v. Cty. of San Diego, 680 F.3d 1148, 1152, 1158 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Here, Plaintiff claims Defendants were grossly negligent of their duty to accommodate the Plaintiff. Although the Court infers that Plaintiff alleges gross negligence in the light of the Eighth and Fourteenth violations he alleges, gross negligence does not itself provide a right over which Plaintiff may sue under § 1983. Plaintiff must show a deprivation of a federal right, not a right protected under state law that reaches beyond the federal law or the Constitution. See, e.g., Crowley, 678 F.3d at 734–36.

**B. Due Process:**

Plaintiff claims that Defendants violated his Due Process rights by failing to honor his medical chrono or take reasonable action in response to disregard of the chrono. Cain and Dhillon allegedly cuffed Plaintiff knowing that they should not, and Lightfiled allegedly acted unreasonably in his capacity as a sergeant by failing to respond to Cain's and Dhillon's actions. See ECF No. 1 at 4, 8. All Defendants allegedly failed to "correct the situation they caused rendering their actions unreasonable." Id.

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim for deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672

4

(1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405.

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-

1    deprivation remedy may be adequate even though it does not provide relief identical to that

2    available under § 1983. See Hudson, 468 U.S. at 531 n.11. A due process claim is not barred,

3    however, if the deprivation is foreseeable and the state can reasonably be expected to make pre-

4    deprivation process available. See Zinermon, 494 U.S. at 136-39. An available state common law

5    tort claim procedure to recover the value of property is an adequate remedy. See id. at 128–29.

6           Plaintiff does not allege Lightfiled, Cain, or Dhillon deprived Plaintiff of an

7    interest protected by the Due Process clause of the Fourteenth Amendment. Plaintiff states that

8    Defendants failed to honor his medical accommodations, exposed him to harm, and failed to take

9    action to rectify Plaintiff's concerns. Plaintiff's ostensible Fourteenth Amendment claims read

10   more as an extension of his Eight Amendment claims. See, e.g., ECF No. 1 at 7–8. Plaintiff does

11   not sufficiently allege that he was deprived of a protected interest. He may do so on amendment.

12   **C. Supervisory Liability:**

13          Plaintiff appears to raise a claim for supervisory liability against Lightfiled.

14   Plaintiff does not, however, plead enough facts to establish a viable supervisory claim.

15          There is no *respondeat superior* liability under § 1983. Vazquez v. County of

16   Kern, 949 F.3d 1153, 1166 (9th Cir. 2020); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

17   Supervisors are not liable under theories of vicarious liability. Crowley v. Bannister, 734 F.3d

18   967, 977 (9th Cir. 2013). A supervisor, however, may be liable for the constitutional violations of

19   subordinates if the supervisor participated in or directed the violations or otherwise knew of their

20   subordinates' violations and failed to act to prevent them. Vazquez, 949 F.3d at 1166. A plaintiff

21   may establish the required causal connection by showing that a supervisory official set in motion

22   a series of acts by others which the official knows or reasonably should know would cause

23   infliction of constitutional harm. Id. A supervisor may be liable in their individual capacity for

24   their own culpable action or inaction in the training, supervision, or control of subordinates; for

25   acquiescence in a constitutional violation; or for conduct that displayed a reckless or callous

26   indifference for the rights of others. Rodriguez v. County of Los Angeles, 891 F.3d 776, 798 (9th

27   Cir. 2018); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

28

Stated differently, a supervisor may be liable under § 1983 if they were personally involved in a constitutional deprivation, or there is "'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Crowley, 734 F.3d at 977 (quoting Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012)). Under the latter conception of liability, supervisory liability may exist without overt personal participation in the deprivation if the supervisor implemented a policy so deficient that it repudiates constitutional rights and is the essential thrust of an alleged violation. Id.

When a defendant holds a supervisory position, the causal link between a supervisory defendant and the claimed constitutional violation must be specifically alleged. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982); Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014); Ivey, 673 F.2d at 268. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Plaintiff does not clearly or satisfactorily allege that Lightfiled participated in, directed, or otherwise adequately knew of the allegedly unconstitutional actions of his subordinates. Although it is *possible* that Cain and Dhillon contacted Lightfiled about Plaintiff's medical chrono (see ECF No. 1 at 7–8, 12), essentially Plaintiff makes only vague allegations that Lightfiled knew of and should have corrected Cain's and Dhillon's actions. See, e.g., ECF No. 1 at 4, 7–8. But the Court cannot discern whether Plaintiff alleges that Lightfiled knew of the illegal cuffing of Plaintiff in the black box only after the fact, directed it beforehand, or could have otherwise prevented it. Without more, Plaintiff has not pled a sufficient causal link between Lightfiled's alleged wrongful conduct and the apparent constitutional deprivation. Plaintiff fails to state a claim against Lightfiled. Plaintiff will be given the opportunity to amend.

///

///

///

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  June 14, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE